Vartan **KHODAVERDYAN**, Petitioner,

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70698.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 24, 2004.

Decided Oct. 1, 2004.

---

PH 1220, Beitchman and Zekian, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. Lefevre and Ronald E. Lefevre, Chief Legal Officers, San Francisco, CA, William C. Minick, Jacqueline Dryden Fax, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, GOODWIN, and TASHIMA, Circuit Judges.

## MEMORANDUM *

Vartan Khodaverdyan, a native and citizen of Armenia, petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming the immigration judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Avetova–Elisseva v. INS,* 213 F.3d 1192, 1196 (9th Cir.2000), and grant the petition for review.

Although Khodaverdyan presented evidence that he and his family were mistreated by the Armenian authorities and the public on account of his wife's Azeri ethnicity, we cannot say that the past harm *compels* a finding of past persecution. *See id.* at 1197 (holding that harassment, discrimination and hostility did not rise to the level of past persecution).

■ However, the record compels a finding that Khodaverdyan has a subjectively genuine and objectively reasonable fear of future persecution in Armenia. *See id.* at 1201–02 (holding that petitioner

demonstrated a well-founded fear of persecution based on her past harm and country conditions evidence). First, the continuous and threatening nature of Khodaverdyan's past harm, including death threats, life-threatening attacks, harassment, and systemic discrimination, provides objective support for his well-founded fear of persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184 (9th Cir.2003). Second, the country conditions evidence in the record regarding the widespread mistreatment of the few remaining ethnic Azeris in Armenia provides further objective support for Khodaverdyan's reasonable fear. *See id.* at 1182–83. Third, the IJ erred by discounting Khodaverdyan's evidence of threats and attacks by non-governmental sources. *See Mgoian v. INS,* 184 F.3d 1029, 1036–37 (9th Cir.1999) (finding eligibility for asylum where the government was unwilling or unable to control elements of society with a generalized hatred of Kurdish–Moslems in Armenia).

■ We reject the government's contention that Khodaverdyan could avoid persecution by relocating to the Nagorno–Karabakh region of neighboring Azerbaijan, because no authority supports the proposition that the possibility of relocation to another country undermines a well-founded fear. *See* 8 C.F.R. § 1208.13(b)(2)(ii) ("An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to *another part of the applicant's country of nationality* . . . , if under all the circumstances it would be reasonable to expect the applicant to do so.") (emphasis added).

We vacate the IJ's alternative discretionary denial of asylum because the IJ

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

failed to consider and weigh all of the relevant favorable and adverse factors, including the likelihood of future persecution. *See Kalubi v. Ashcroft,* 364 F.3d 1134, 1141 (9th Cir.2004) (stating that the likelihood of future persecution is a particularly important factor to consider). The IJ also erred by giving dispositive weight to Khodaverdyan's attempt to enter the United States with a false passport. *See id.* (stating that "the BIA must balance *all* relevant factors and no one factor needs to be determinative"); *see also Kaur v. Ashcroft,* 379 F.3d 876, 889 (9th Cir.2004) (noting in the context of a credibility determination that "us[ing] another person's passport to enter this country is reasonably understood as the act of one seeking refuge in the United States and who is anxious not to be sent back to" the country of feared persecution). Upon remand, the BIA shall reevaluate whether Khodaverdyan merits a favorable exercise of discretion given our determination that he is eligible for asylum on the basis of his well-founded fear of persecution. *See Kalubi,* 364 F.3d at 1141.

Because the denial of withholding of removal and CAT relief was premised on the IJ's erroneous determination that Khodaverdyan was not eligible for asylum, we vacate and remand these claims to the BIA for further consideration. *See Jahed v. INS,* 356 F.3d 991, 1001(9th Cir.2004) (remanding withholding claim to the BIA for renewed consideration).

**PETITION FOR REVIEW GRANTED.**